|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JAMES CARL KELLY,<br><br>             Plaintiff,<br><br>     v.<br><br>BANDARU, *et al.*,<br><br>             Defendants. | Case No.  2:24-cv-01161-JDP (PC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>ECF No. 2<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 2. However, plaintiff is a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g). *See Kelly v. Sao*, No. 1:19-cv-00681-LJO-BAM (E.D. Cal. May 19, 2019) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

The court takes judicial notice of the following cases constituting strikes: (1) *Kelly v. Youngblood*, No. 2:04-cv-02462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust administrative remedies clear from the face of complaint); (2) *Kelly v. Gyorkey*, No. 2:11-

1

cv-02142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to state a claim); (3) *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim); (4) *Kelly v. Islam*, No. 1:18-cv-00018-DAD-JDP (E.D. Cal. Dec. 4, 2018) (dismissed for failure to prosecute, following a screening order dismissing complaint for failure to state a claim).

Despite being a "three-striker," a plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The complaint alleges that in 2003 plaintiff suffered an injury that has caused him continuous lower back pain. ECF No. 1 at 3. The medication he is currently taking, however, is alleged to be insufficient to control his pain. *Id.* Plaintiff requests that he be provided a wheelchair and transferred to California Health Care Facility so that he may be treated for his chronic pain. *Id.*

Plaintiff's allegation of being in pain is insufficient to demonstrate that he faced imminent danger of physical injury at the time he filed the complaint. Plaintiff claims to be receiving treatment for his pain, albeit insufficient, yet he does not allege that his pain is causing him imminent physical injury. *See Balzarini v. Lewis*, No. 1:13-cv-00820-LJO-BAM (PC), 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding that the plaintiff's disagreement with prison medical personnel about the course or adequacy of any treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, No. 12-cv-05563-CW(PR), 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing that the plaintiff was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an imminent danger of serious physical injury); *Stephens v. Castro*, No. 1:04-cv-06717-AWI-SMS (P), 2006 WL 1530265, *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)).

Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

1  Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge
2  to this action.

3  Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*,
4  ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within thirty days of any
5  order adopting these recommendations.

6  These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties. Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
11 objections shall be served and filed within fourteen days after service of the objections. The
12 parties are advised that failure to file objections within the specified time may waive the right to
13 appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
14 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

17 Dated:   April 29, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3